**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| PAUL C. BLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:06CV513-HEH |
| ) | |
| VIRGINIA STATE UNIVERSITY, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
**(Granting in Part and Denying in Part Defendants' Motion to Dismiss
Counts III, IV, and § 1983 Claims in Plaintiff's Complaint)**

This matter is before the Court on Defendants' Motion to Dismiss Counts III and IV of Plaintiff's Complaint, as well as the § 1983 Claims, pursuant to Rule 12(b)(1) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. There are issues, however, that will require additional briefing as specifically requested in this Opinion. For the reasons stated herein, the Court will grant Defendants' motion to dismiss Count IV, will dismiss the § 1983 Claims with respect to Virginia State University and with respect to the named defendants in their official capacities only, will

1

deny the motion to dismiss the § 1983 Claims against Defendants David Bejou and W. Eric Thomas who are named in their individual capacities, and will deny Defendant's motion to dismiss the § 1983 Claims as time-barred. The Court will not rule on the motion to dismiss the § 1983 Claims Plaintiff has made on behalf of others or on Count III until both sides have filed additional, more thorough, memoranda.

**I. Background**

Plaintiff Paul C. Bland is an African-American male, more than forty years of age, who worked as an adjunct professor at Virginia State University beginning on or about August 16, 2003. When he began working at the University, Plaintiff held a Bachelor of Arts Degree, a Masters in Business Administration, a Juris Doctor, and a Certificate in Municipal Administration. After teaching for several semesters in an adjunct capacity, Plaintiff applied for several full-time teaching positions at the University, but was not selected for any of them. Plaintiff argues that he was denied interviews and did not receive the full-time positions for discriminatory reasons and that Defendants illegally failed to take into consideration his status as a veteran of the United States Armed Forces when making their hiring decisions, a violation of Virginia state law. Furthermore, Plaintiff alleges that Defendants failed to renew his teaching contract that expired in December 2004 because of race discrimination.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter on or about April 25, 2006. On

July 25, 2006, proceeding *pro se*, he filed this action against Virginia State University ("VSU"), David Bejou, Venkat Mummalaneni, and W. Eric Thomas (collectively "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1983, Section 2.2-2903 of the Code of Virginia, and the Age Discrimination in Employment Act ("ADEA"). Bejou is the Dean of the School of Business, Mummalaneni is the Chair of the Department of Management and Marketing, and Thomas is the University's Provost.

Plaintiff is seeking a declaratory judgment against Defendants and an order enjoining Defendants and those "acting in concert with the Defendants from engaging in discriminatory and unlawful employment practices." Plaintiff also seeks loss of pay and benefits, damages, compensatory damages, including an award for mental anguish and emotional distress, costs and expenses, including an award for reasonable attorneys' fees, and such other relief as may be deemed appropriate.

Defendants are seeking a dismissal of Counts III ("State Pendant Cause of Action - Section 2.2-2903-Veterans Preference), IV (ADEA), and the claims arising under 42 U.S.C. § 1983.

## II.  Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting jurisdiction, the plaintiff in this case, has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

"In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "[T]he nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin*, 980 F.2d at 952 (internal quotations omitted). The Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Id.*

### III. Analysis

**A. 42 U.S.C. § 1983 and the Eleventh Amendment**

The Eleventh Amendment provides, "the Judicial power of the United States shall

4

not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign States." This principle of immunity extends to state and governmental entities, including state universities, that are viewed as "arms of the State," as long as they have not consented to the lawsuit, or as long as Congress has not abrogated the sovereign immunity of the states pursuant to Section 5 of the Fourteenth Amendment. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–45 (1993); *S.C. State Ports Auth. v. FMC*, 243 F.3d 165, 170 (4th Cir. 2001); *see also Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 262 (4th Cir. 2005) ("Numerous courts have decided whether public state universities are 'arms of the state.' Almost universally, the answer has been in the affirmative."). "Even though the Amendment 'by its terms applies only to suits against a State by citizens of another State,' our cases have repeatedly held that this immunity also applies to unconsented suits brought by a State's own citizens," which is applicable in this case. *See Tennessee v. Lane*, 541 U.S. 509, 517 (2004) (citing *Bd. of Trustees v. Garrett*, 531 U.S. 356, 363 (2001)).

The Fourth Circuit has stated that each university must be evaluated under the factors set forth in *Ram Ditta v. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987), to determine whether it is an "arm of the state." *Md. Stadium v. Ellerbe Becket, Inc.*, 407 F.3d at 263. Other courts in this jurisdiction, however, have already determined that Virginia State University clearly falls within the arm of the state.

*See Thorpe v. Va. State Univ.*, 6 F.Supp 2d 507, 509 (E.D. Va. 1998) (finding that "it is undisputed that VSU is an agent of the Commonwealth of Virginia and a creature of the Virginia General Assembly. Filing a claim for relief against VSU is thus the functional and legal equivalent of bringing an action against the Commonwealth."). Therefore, the Court's analysis regarding the propriety of the 42 U.S.C. § 1983 claims against VSU will be scrutinized as claims against the Commonwealth of Virginia for purposes of the Eleventh Amendment.

The U.S. Supreme Court has stated, "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989) (citing *Welch v. Tex. Dept. of Highways & Pub. Transp.*, 483 U.S. 468, 472–73 (1987)). VSU has clearly not waived immunity with respect to the § 1983 claims. Therefore, the § 1983 claims will be dismissed as applied to VSU in Counts I and II.

**B. Ex Parte Young Exception to the Eleventh Amendment**

Plaintiff has also named three individuals in their official capacities as defendants in Counts I and II.[1] In terms of the protections afforded by the Eleventh Amendment,

---

[1] The Court finds that because Plaintiff specifically lists only David Bejou and E. Eric Thomas "individually" on the face of the complaint, they are being sued in their personal and official capacities. Because Plaintiff left off the word "individually" with respect to Vanket Mummalaneni and does not provide any indication to the contrary, the Court will find that

suing state officials is deemed the same as suing the state. *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). An exception, however, applies when a law or policy is alleged to be unconstitutional and the state official has some connection to its enforcement. *Id.* (citing *Ex Parte Young*, 209 U.S. 123, 157 (1908)).

The Fourth Circuit has stated, "a State officer who acts in violation of the Constitution is stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002). In order to determine whether the doctrine of *Ex Parte Young* is applicable, the Court must determine that an ongoing violation of federal law has been alleged and that relief can be characterized as "prospective." *Franks v. Ross*, 313 F.3d 184, 197 (4th Cir. 2002). Plaintiff does seek injunctive relief, but he has asserted no ongoing violations with respect to himself. The issue in this case that remains unsettled under the *Ex Parte Young* exception is whether the Plaintiff has standing to bring the claims on behalf of others, which he has characterized as ongoing violations at VSU.

The Court will grant Defendants' Motion to Dismiss the § 1983 claims against Defendants Bejou, Mummalaneni, and Thomas in their official capacities because the *Ex*

---

Plaintiff intended to sue Mummalaneni only in his official capacity. *See generally Biggs v. Meadows*, 66 F.3d 56, 58 (4th Cir. 1995) (Holding that a complaint under 42 U.S.C. § 1983 need not specify the capacity in which a state official is being sued, but a court may look to the substance of the complaint, the relief sought, and course of proceedings to make a determination).

*Parte Young* exception to the Eleventh Amendment is inapplicable, only as applied to those claims that the Plaintiff has made on behalf of himself. With respect to the issue of Plaintiff's standing to bring the claims on behalf of others, the Court will require additional briefing from the Defendants.

### C. Personal Liability and 42 U.S.C. § 1983

"On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Monroe v. Pape*, 365 U.S. 167 (1961)). The Eleventh Amendment does not protect state officials in their individual capacities against this sort of action. *Scheuer v. Rhodes*, 416 U.S. 232, 239 (1974); *see also Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 229 (4th Cir. 1997). Plaintiff has listed only Bejou and Thomas in their individual capacities and has alleged that the Defendants collectively, discriminated against him. For purposes of jurisdiction, the Court will deny Defendants' Motion to Dismiss the § 1983 claims against Bejou and Thomas in their individual capacities.[2]

### D. Statute of Limitations and 42 U.S.C. § 1983

Both the Plaintiff and Defendants agree that Virginia's statute of limitations requires that § 1983 claims be brought within two years. Va. Code Ann. § 8.01-243(A).

---

[2] Defendants substantively challenge the allegations of discrimination by the named individuals for the first time in their reply brief. This Court will not consider an argument raised for the first time in a reply brief. *United States v. Smith*, 44 F.3d 1259, 1266 (4th Cir. 1995).

"Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *United States. v. Kubrick*, 444 U.S. 111, 122–24 (1979)).  While it would be true, as Defendants assert, that Plaintiff's claims would be time-barred if June 25, 2004 was the last time a discriminatory act was alleged, Plaintiff has asserted that part of the discrimination against him includes the fact that his contract was not renewed in December 2004 and a Caucasian was hired instead.  At this time, the Court cannot make a determination as to when Plaintiff "possessed sufficient facts about the harm done to him" and whether or not a "reasonable inquiry" was made.  Looking at the allegations in the light most favorable to the Plaintiff, his subsequent filing of this lawsuit in July 2006 is not outside of the statute of limitations because he alleges that there was continuing discrimination by all of the Defendants, at least until December 2004. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 442 (4th Cir. 1998).  Therefore, at this stage in the proceedings, the Court will deny Defendants' Motion to Dismiss Plaintiff's § 1983 claims as time-barred.

**F. Virginia Code § 2.2-2903**

In Count III, Plaintiff alleges that Defendants failed to follow Virginia Code § 2.2-2903, which requires that a veteran's military service be taken into consideration when a veteran applies for a job within the Commonwealth of Virginia.  Defendants assert the position once held by the U.S. Supreme Court that "neither pendent jurisdiction nor any

other basis of jurisdiction may override the Eleventh Amendment and [a] federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *In re Sec'y of the Dep't of Crime Control & Pub. Safety*, 7 F.3d 1140, 1144 (4th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984)).  However, that holding was made before the adoption of 28 U.S.C. § 1367, which codified the concept that federal courts have "supplemental jurisdiction" over state law claims when the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id*.; *see also Suarez Corp. Indus.*, 125 F.3d 222 at 239.

Of even greater concern to this Court, however, is the effect of Virginia Code § 2.2-2905(8).  That section states that "the presidents, and teaching and research staffs of state educational institutions" are exempt from Chapter 29, the Virginia Personnel Act, which includes § 2.2-2903.  The Court will require Defendants to provide additional briefing on whether Virginia Code § 2.2-2905 precludes Plaintiff's claim in Count III.  If it does not, can § 2.2-2903 form the basis of an actionable claim for damages?

**G. ADEA**

As already explained, the Eleventh Amendment protects the state against suits in federal court unless it is shown that Congress intended to abrogate the states' rights with respect to a particular law. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411

F.3d 474, 484 (4th Cir. 2005) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996)). The U.S. Supreme Court has "specifically rejected Congress' attempt to abrogate Eleventh Amendment immunity with respect to . . . the ADEA." *Id.* at 496 (citing *Garrett*, 531 U.S. 356 at 374). Because of the protections afforded by the Eleventh Amendment, Plaintiff's ADEA claims will be dismissed against VSU.

Consequently, as stated by the U.S. Supreme Court, the suit against the named defendants in their official capacities will be treated as a suit against the state itself and will also be barred by the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 at 66. The *Ex Parte Young* exception allowing prospective relief is also not available against the named Defendants in their official capacities due to Plaintiff's failure to properly assert an ongoing violation of federal law with respect to the claims against himself.

Furthermore, for the sake of argument, even if the *Ex Parte Young* exception was triggered, the Fourth Circuit has stated that the language of the ADEA limits liability to "employers" and therefore prohibits individual liability against employees as agents of the employer. *Birbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994). Therefore, Defendants Bejou and Thomas, named in their individual capacities, and all three named defendants in their official capacities, are not proper defendants for an alleged ADEA violation. The Court will dismiss Count IV in its entirety.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's § 1983 claims will be granted in part and denied in part, Defendant's Motion to Dismiss Count IV will be granted, and the Court's decision on Count III will abide further briefing by the Defendants. Therefore, the remaining unsettled issues that require additional briefing are: (1) Whether Plaintiff has standing to bring claims of ongoing discrimination at VSU when he is no longer an employee at that institution; and (2) Whether Virginia Code § 2.2-2905 should be applicable to this case, thereby barring a § 2.2-2903 claim made by Plaintiff. Defendants will have fourteen (14) days from the date of entry of the Order accompanying this Memorandum Opinion to file supplemental memoranda of law. Plaintiff will have ten (10) days to reply to Defendants' additional briefs.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 7th day of February, 2007.
Richmond, VA