IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAUL C. BLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:06CV513-HEH |
| | ) |
| VIRGINIA STATE UNIVERSITY, *et al.,* | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**
**(Granting Defendants' Renewed Motion to Dismiss § 1983**
**Claims in Plaintiff's Complaint)**

THIS MATTER is before the Court on Defendants' Renewed Motion to Dismiss § 1983 Claims in Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant Defendants' Motion to Dismiss Plaintiff's § 1983 Claims.

**I. Background**

The facts of this case, as stated in this Court's Memorandum Opinion of February 7, 2007, are as follows:

Plaintiff Paul C. Bland is an African-American male, more than forty years of age, who worked as an adjunct professor at Virginia State University beginning on or about

August 16, 2003.  When he began working at the University, Plaintiff held a Bachelor of Arts Degree, a Masters in Business Administration, a Juris Doctor, and a Certificate in Municipal Administration.  After teaching for several semesters in an adjunct capacity, Plaintiff applied for several full time teaching positions at the University, but was not selected for any of them.  Plaintiff argues that he was denied interviews and did not receive the full time positions for discriminatory reasons and that Defendants illegally failed to take into consideration his status as a veteran of the United Armed Forces when making their hiring decisions, a violation of Virginia state law.  Furthermore, Plaintiff alleges that Defendants failed to renew his teaching contract that expired in December 2004 because of race discrimination.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter on or about April 25, 2006.  On July 25, 2006, proceeding *pro se*, he filed this action against Virginia State University ("VSU"), David Bejou, Venkat Mummalaneni, and W. Eric Thomas (collectively "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, as amended by the Civil Rights Act of 1991, U.S.C. § 1983, Section 2.2-2903 of the Code of Virginia, and the Age Discrimination in Employment Act ("ADEA").  Bejou is the Dean of the School of Business, Mummalaneni is the Chair of the Department of Management and Marketing, and Thomas is the University's Provost.  Mummalaneni was sued only in his official capacity.  Bejou and Thomas were sued in both their official and individual capacities.

Plaintiff is seeking a declaratory judgment against Defendants, an order enjoining

Defendants and those "acting in concert with the Defendants from engaging in discriminatory and unlawful employment practices," loss of pay and benefits, damages, compensatory damages, including an award for mental anguish and emotional distress, costs and expenses, including an award for reasonable attorney's fees, and such other relief as may be deemed appropriate.

This Court previously granted Defendants' Motion to Dismiss Plaintiff's § 1983 claims with respect to Virginia State University and with respect to the named Defendants in their official capacities in a Memorandum Opinion and accompanying Order issued February 7, 2007. In that Order, the Court also dismissed Count IV of Plaintiff's Complaint. The Court subsequently dismissed Count III of Plaintiff's Complaint in an Order dated March 26, 2007.

Defendants now seek dismissal of the § 1983 claims against Defendants in their individual capacities contained in Counts I and II of Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991).

In considering a motion for dismissal under Rule 12(b)(6) in an employment discrimination case, the complaint "[need] not contain specific facts establishing a prima facie case of discrimination . . . but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973 (2007) (internal quotation marks omitted). This court "must determine whether allegations covering all the elements that comprise the theory for relief have been stated as required." *Dickson v. Microsoft Corp.*, 309 F.3d 193, 201 (4th Cir. 2002) (internal quotation marks omitted).

### III. Analysis

Defendants Bejou and Thomas are being sued in their individual capacity. "[S]tate officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer v. Melo*, 502 U.S. 21, 31 (1991). "[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.* at 25. "[O]fficials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law." *Id.* It is not necessary, though, to engage in this inquiry as the Court is dismissing Plaintiff's claim on other grounds.

Defendants' Motion requires examining whether Plaintiff's allegations cover the

necessary elements of a § 1983 claim against the individual defendants David Bejou and W. Eric Thomas. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (*quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). Plaintiff concedes this point in his reply to Defendants' renewed motion to dismiss. "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* "A complaint alleging a § 1983 violation must state on its face a cognizable claim for relief based upon a specific and articulable constitutional right." *Bell v. School Bd. of City of Norfolk,* 734 F.2d 155, 157 (4th Cir. 1984). Plaintiff's only mention of constitutional protections in his Complaint is that "[t]his action arises under the First and Fourteenth Amendments to the United States Constitution" (Compl. 1) and a request for declaratory judgment stating that Defendants' actions violate the Plaintiff's First and Fourteenth Amendment rights. (Compl. 23.) These references to Amendments to the Constitution fall short of basing the claim on a "specific and articulable constitutional right." *See id.*

Reading Plaintiffs' allegations in the light most favorable to him, as required by Rule 12(b)(6), the Court finds one conceivable claim alleging the denial of a constitutional protection in Plaintiff's Complaint. *See Lambeth v. Bd. of Comm'rs of Davidson County, N.C.,* 407 F.3d 266, 268 (4th Cir. 2005). Under a liberal and perhaps strained reading, Plaintiff's § 1983 claims could be construed to allege an unlawful deprivation of a property interest by Thomas and Bejou in violation of the Fourteenth

Amendment. An actionable § 1983 claim for race discrimination, however, must allege the deprivation of a property interest provided under the Constitution or state law. *Hafer,* 502 U.S. at 26. Furthermore, a property interest in the constitutional sense requires "more than an abstract need or desire for it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Plaintiff must have a "legitimate claim of entitlement" to the position--more than a "unilateral expectation of it." *Id.* Plaintiff's Complaint cites no facts which demonstrate a plausible claim of a property interest in the positions he sought. In fact, Plaintiff offers nothing more than a "unilateral expectation" or abstract entitlement to the positions for which he applied. *Id.* Even when the Court extrapolates a possible constitutional claim from Plaintiff's Complaint, it would be insufficient to entitle him to relief under any state of facts provided in support of his claim. *Republican Party of N.C.*, 980 F.2d at 952.

## IV. Conclusion

For the reasons state above, Defendants Renewed Motion to Dismiss Plaintiff's § 1983 claims against Dr. Bejou and Dr. Thomas in their individual capacities will be granted.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 5, 2007
Richmond, VA